PD-1396-14
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 5/21/2015 1:35:18 PM
Accepted 5/26/2015 8:28:49 AM
ABEL ACOSTA
CLERK



Nicholas "Nico" LaHood
Criminal District Attorney
Bexar County, Texas

May 21, 2015

FILED IN
COURT OF CRIMINAL APPEALS

May 26, 2015

ABEL ACOSTA, CLERK

Mr. Abel Acosta, Clerk
Court of Criminal Appeals
P.O. Box 12308
Austin TX 78711

Re:     *Ford v. State*, No. PD-1396-14

Dear Mr. Acosta:

This is in response to the letter filed by Cynthia Orr, counsel for Appellant Jon Thomas Ford, following our oral argument in that case yesterday.

First Appellant argues again that the defense relied on the Texas Constitution in the trial court. The Fourth Court held this claim was not preserved, and Appellant has not challenged that holding on petition for discretionary review. Furthermore, it is not true. Ms. Orr cites a portion of the trial record in which defense trial counsel said, "That application and order does not comply with Texas law," to argue that this vague claim invoked the Texas constitution. It did not. This was a reference to defense counsel's claim in the trial court that the application had to be signed by the elected district attorney, not an assistant district attorney. (RR4 13) But he was taking this proposition from Sec. 2 of Art. 18.21, regarding an application for pen registers. The same language is not found in Sec. 5, the section at issue in this appeal. This claim was so obviously without merit it was not raised on appeal. Defense counsel never mentioned the Texas constitution in the trial court.

Much of what follows in the letter has been raised before. On page 2 Appellant argues that Justice Sotomayor "rejected" the third party record doctrine "in the context of digital data." The opinion to which she refers, *U.S. v. Jones,* did not involve the collection of cell phone data, nor did Justice Sotomayor singlehandedly overrule longstanding Supreme Court precedents.

I have already responded in my brief to the claim that Appellant did not voluntarily convey information when he received texts. The Fourth Court held that

**Paul Elizondo Tower – 101 W. Nueva St., Fourth Floor - San Antonio, Texas 78205**
**(210) 335-2311**
**For Victim Assistance call (210) 335-2105**

Appellant's voluntary acts that conveyed his location information to a third party were obtaining cell phone coverage and a cell phone and carrying it with him the night of the murder. Appellant has not challenged that holding.

As for the passing claim on the bottom of page 3 that trial defense counsel could not obtain the cell phone records, the prosecution provided those records to the defense. It is clear from the trial record that Mr. DeGuerin had all the records the State had.

Appellant also discusses cases in which data other than locations was collected in one way or another. This has no application to this case, in which the State introduced only the records showing Appellant's general locations. His friend Alan Tarver testified to the contents of the texts he sent, which were trivial and irrelevant to the prosecution.

Finally, the *Richardson* case, as I have pointed out, relies on the Texas Constitution, not preserved by Appellant, and has no holding and no application to this case.

Ms. Orr's second letter seems to argue that the prosecutor conceded something in the trial court, which is not the case. Ms. Melton advanced several arguments, all of them valid, with a final fall-back position saying even if the application was improper police acted in good faith. This was not a concession. It was a good attorney making a series of arguments.

Please convey this letter to the Court and thank the judges on my behalf for their respectful and collegial attention during our oral argument.

Very truly yours,
/s/ Jay Brandon

copy: Cynthia Orr